(No. 88-CV-0676–■■■■■■■■■■

*In re* APPLICATION OF PATRICIA WILLIAMS

*Order filed June 1, 1989.*
*Order filed September 16, 1991.*

PATRICIA WILLIAMS, *pro se*, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (RICHARD J. KRAKOWSKI and JAMES MAHER, Assistant Attorneys General, of counsel), for Respondent.

## ORDER

RAUCCI, J.

This claim arises out of an incident that occurred on October 18, 1987. Patricia Williams, wife of the deceased victim, Samuel Williams, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1985, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on March 7, 1988, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on October 18, 1987, the victim was shot, allegedly when he attempted to stop a fight between two of his friends. The incident occurred in a parking lot behind a gas station located at 8700 South Stony Island, Chicago, Illinois. Police investigation revealed that after his two friends became involved in an argument, the victim attempted to break up the altercation. Both men then allegedly produced handguns and fired several

shots at each other. During this exchange, the victim sustained a gunshot wound to the groin. The victim was taken to Bernard Mitchell Hospital where he expired in the emergency room. The two alleged shooters have been apprehended and charged with involuntary manslaughter. The criminal proceedings against both men are still pending.

2. That in order for a claimant to be eligible for compensation under the Act, there must be evidence of one of the violent crimes specifically set forth under section 72(c) of the Act.

3. That involuntary manslaughter is not one of the violent crimes specifically set forth under section 72(c) of the Act and the Attorney General has, in his investigatory report, concluded that the applicant is ineligible for compensation on that basis.

4. That eligibility under the Act is not conditioned on whatever crime an assailant may eventually be charged with having committed.

5. Based on the facts of this claim, as reported, the Court finds that the Claimant was a victim of a violent crime specifically set forth under section 72(c) of the Act, to wit: murder.

"A person who kills another without lawful justification commits murder if, in performing the acts which cause the death: ° ° ° (2) He knows that such acts contain a strong probability of death or great bodily harm to that individual *or another*." (Emphasis added.) (Ill. Rev. Stat., ch. 38, par. 9—1.)

In the case at bar the Applicant's decedent stepped into a gunfight. Certainly the shooters knew that there was a strong probability from their actions that death or great bodily harm would result. Under the transferred intent portion of the statute, those actions apply to bystanders.

Accordingly, the conclusions of the investigatory report of the office of the Attorney General are hereby

not adopted and this claim is remanded to the office of the Attorney General for further investigation and report not inconsistent with this order.

## ORDER

Raucci, J.

The parties have entered into a stipulation whereby the Attorney General's office has recommended that the sum of $1,820.00 be paid to Patricia Williams, the wife of Samuel Williams, the innocent victim of a violent crime.

Wherefore, it is hereby ordered that,

1. The sum of $1,820.00 be paid to Patricia Williams.

2. It is further ordered that this case be closed.